The Honorable Jerry Bookout State Senator 1717 James Jonesboro, AR 72401
Dear Senator Bookout:
I am writing in response to your request for an opinion on the following question:
 Are the provisions of A.C.A. § 14-14-705(3), limiting members of county boards and commissions to two (2) consecutive terms, applicable to the Boards of Equalization of the respective counties?
RESPONSE
It is my opinion that the answer to this question is "no."
Section 14-14-705(3) is part of the general statutory authority for the creation of advisory and administrative boards by counties. It states in relevant part that "[n]o board member, either advisory or administrative, shall be appointed for more than two (2) consecutive terms." A.C.A. § 14-14-705(3)(A) (Repl. 1998). While this prohibition may apply in some instances to county boards or commissions that have been reorganized by county ordinance (see, e.g., Op. Att'y Gen. 2001-291
regarding the reorganization of a county rural development authority pursuant to A.C.A. § 14-14-712),[1] in my opinion it is inapplicable in the case of county boards of equalization.
County equalization boards are created under A.C.A. §§ 26-27-301 to -321 (Repl. 1997 and Supp. 2001). Although they operate at the county level, their existence is mandatory under state law and their members are representative of the taxing units in the county, their purpose being to "fearlessly, impartially, and faithfully equalize the assessed value of all property. . . ." A.C.A. § 26-27-306(a) (Repl. 1997) (oath of office). This, in my opinion, distinguishes them from county boards and commissions that are activated by the county and that constitute a part of the county government organization. These latter organizations are subject to § 14-14-705(3), either because they were established by the county quorum court, or by virtue of their reorganization by the county pursuant to A.C.A. § 14-14-712, supra at n. 1.
I thus conclude that A.C.A. § 14-14-705's prohibition against consecutive terms does not apply to county boards of equalization. I have reviewed the applicable provisions, A.C.A. §§ 26-27-301 — 321, and find no limitations or restrictions therein on the number of terms a particular individual may serve on a county equalization board. Cf. Op. Att'y Gen.99-191 (opining that old equalization board members may be re-appointed for new terms after the board is reconstituted pursuant toAct 1326 of 1999).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Subsection (a) of A.C.A. § 14-14-712 states:
All laws providing for the organization, jurisdiction, and operation of county boards and commissions, except the laws relating to county hospital boards of governors and except laws relating to county nursing home boards, shall be given the status of county ordinance until June 30, 1978. These organizations shall continue to function under those respective laws until reorganized by county ordinance.